UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID A. STOUT,

                              Plaintiff,
      v.                                                **DECISION AND ORDER**
                                                                     09-CV-261S

TOWN OF TONAWANDA POLICE DEPARTMENT
and JOSEPH FLANAGAN, *individually and in his
capacity as Captain of the Town of Tonawanda
Police Department*,

                              Defendants.
_____

## I. INTRODUCTION

Plaintiff David Stout commenced this action in New York State Supreme Court on February 20, 2009. Stout, a retired police officer, alleges that Defendants discriminated against him on the basis of his disability and violated his constitutional right to privacy.

Presently before this Court are Plaintiff's Motion to Amend the Complaint (Docket No. 11) and Defendants' Motion to Dismiss (Docket No. 4).  For the following reasons, Plaintiff's motion is granted and Defendants' motion is denied.

As an initial matter, this Court will grant Plaintiff's Motion to Amend the Complaint. Leave to amend is freely granted when justice so requires.  See Fed. R. Civ. P. 15 (a)(2) ("[t]he court should freely give leave when justice so requires.")  Defendants argue that Plaintiff's proposed amended complaint is a futile re-pleading of insufficient facts and conclusions of law.  Nonetheless, Defendants have addressed Plaintiff's proposed Amended Complaint in their Motion to Dismiss and are therefore not prejudiced by this Court considering the amended pleading at this time.  Accordingly, for the sake of efficiency and expediency, this Court will grant leave to amend and resolve the Motion to

Dismiss as against the Amended Complaint. Consistent with the Amended Complaint, the Clerk of Court will be directed to change the caption to reflect the municipal defendant as the Town of Tonawanda, not the Town of Tonawanda Police Department.

## II. BACKGROUND

**A.    Facts**

The following facts are accepted as true for purposes of Defendants' Motion to Dismiss.

Stout was employed by the Town of Tonawanda Police Department ("Department") from 1988 until 2008. (Am. Compl., Docket No. 11, Exhibit A, ¶ 4).

In 2003, Stout was diagnosed with two mental health conditions. (*Id*. ¶ 6).

In 2007, Stout worked for Police Captain Joseph Flanagan. (*Id*. ¶¶ 8-9). Flanagan made public comments to Stout that Stout interpreted to be about his mental health. (*Id.* ¶ 11). These comments became more regular in August of 2007 and included "you're slipping downhill." (*Id.*) Flanagan regularly made these comments in the presence of other police department employees. (*Id.* ¶¶ 10-11).

On November 14, 2007, Stout met with Flanagan and three other officers in Flanagan's office. (*Id*. ¶¶ 13-16). Flanagan presented Stout with a Letter of Counsel ("Letter") that referred to a period of time spanning May through November 2007, and cited Stout for workplace incompetence for reasons including tardiness, mismanagement of time, allowing civilians behind the desk, and using an improper entrance. (*Id.* ¶ 14). Before that meeting, Stout had received no other disciplinary referrals. (*Id.* ¶ 11). In the midst of the meeting, Flanagan said, "maybe your psych doctor should tell you you

shouldn't be wearing a badge anymore" in front of all the participants. (*Id.* ¶ 13). In the months that followed that meeting, Stout spent one and a half days in a hospital for elevated blood pressure, remained on sick leave, and eventually retired from the police department. (*Id.* ¶¶ 17-19).

**B.     Procedural History**

On February 20, 2009, Stout filed suit in the Supreme Court of the State of New York, County of Erie, alleging a violation of privacy pursuant to 42 U.S.C. § 1983 and disability discrimination under New York State Human Rights Law ("NYHRL").

On March 23, 2009, Defendants removed the case to this Court. (Docket No. 1). Defendants filed their Motion to Dismiss on April 13, 2009. (Docket No. 4). Stout responded on May 15, 2009, and at the same time filed his Motion to Amend the Complaint. Defendants responded on June 1, 2009, renewing their Motion to Dismiss as against the proposed Amended Complaint.

### III. DISCUSSION

**A.     Legal Standard**

The Federal Rules of Civil Procedure allow, under Rule 12(b)(6), for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). That plain statement needs to carry in it only "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The court construes all well-pleaded allegations as true and draws all reasonable inferences in the non-moving party's favor. *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 161 (2d Cir.2000). The well-pleaded allegations must then nudge the complaint "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. And in addressing whether a complaint has facial plausibility, the court may disregard legal conclusions and deductions of fact. *Iqbal*, 129 S.Ct. at 1949.

B.  **Defendants' Motion to Dismiss**

Stout asserts two causes of action against Defendants. First, he alleges that Defendants discriminated against him on account of his disability in violation of the New York State Human Rights Law. Second, he claims that Defendants violated his right to privacy when Defendant Flanagan publicly commented on his confidential mental health status.

Defendants argue that both causes of action should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants contend that Stout failed to make out a *prima facie* case for disability discrimination under the *McDonnell-Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Defendants further argue that Plaintiff has not identified the source of the alleged right to privacy that he contends Defendants violated.

1. **Disability Discrimination**

The burden-shifting framework established in *McDonnell Douglas* applies to New York Human Rights Law, N.Y. Exec. Law § 296 (McKinney 2008). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir. 2000). This framework requires that the plaintiff establish a *prima facie* case of discrimination by demonstrating that (1) he is a member of a protected class, (2) he is qualified for his position, (3) he was subjected to an adverse employment action, and (4) the conditions surrounding the adverse action give minimal support to an inference of discrimination. *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000).

The burden on the plaintiff to establish this *prima facie* case is slight; discrimination must be shown by only a preponderance of the evidence. *Texas Dep't of Comt'y Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). If the *"de minimis"* offering of the plaintiff meets this burden, then a rebuttable presumption of discrimination arises and the defendant must then provide an adequate explanation for why the actions were not discriminatory. *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir.1997).

Under the *McConnell-Douglas* framework, an adverse employment action is a "materially adverse change" to employment, including conditions "more disruptive than a mere inconvenience" that can include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Galabya*, 202 F.3d at 640 (quoting *Crady v. Liberty Nat'l Bank & Trust C. of Ind.*, 993 F.2d 132, 136 (7th Cir.1993)). If the adverse action is termination, the termination can

be actual or constructive. Constructive termination occurs "when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir.1983). The plaintiff is required to show that the working conditions were such that "a reasonable person in the employee's shoes would have felt compelled to resign." *Id*.

But every poor work relationship or poor employer decision that results in the end of an employee's employment does not amount to constructive discharge. *See, e.g. Stetson v. NYNEX Serv. Co.,* 995 F.2d 355, 360 (2d Cir.1993) (no constructive discharge where employee is dissatisfied with assignments and criticism of work but not faced with suggestions of retirement or termination); *Martin v. Citibank, N.A.*, 762 F.2d 212, 221 (2d Cir.1985) (employee receiving informal, verbal warnings over attitude and employer's loud mention of employee being polygraphed relating to missing money does not amount to conditional discharge); *Kader v. Paper Software, Inc.*, 111 F.3d 337, 339 (2d Cir.1997) (employer carrying on extramarital affair with employee's wife is not conditional discharge since it was not begun with intention to force employee's resignation).

Conditional discharge exists where employers deliberately act to create an environment that will lead to the end of an employee's employment. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 73 (2d Cir.2000). "The most common constructive discharge case involves veiled or direct threats that failure to resign will result in discharge." *Doria v. Cramer Rosenthal McGlynn, Inc.*, 942 F. Supp. 937, 947 (S.D.N.Y.1996); *see, e.g., Am. Airlines v. Cardoza-Rodriguez*, 133 F.3d 111, 122 (1st Cir.1998)(conditional discharge where employee presented with choice between early

retirement and discharge without benefits); *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir.1987) (conditional discharge exists when employee told he would be fired at the end of a probationary period regardless of improvement in work performance).

The direct or veiled threat that constitutes conditional discharge may be found when an employer puts an employee in a position that risks the employee's health. *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir.1993) (quoting *Meyer v. Brown & Root Constr. Co.*, 661 F.2d 369, 371-372 (5th Cir.1981)). But "the fact that an employee develops stress-related ill health from the demands of his voluntarily undertaken position or from criticisms of his performance, and as a result determines that health considerations mandate his resignation, does not normally amount to a constructive discharge by the employer." *Spence*, 995 F.2d at 1156.

Taking the well-pleaded allegations in the Amended Complaint as true, this Court finds that Stout has adequately pled that he is a member of a protected class and qualified for his position as a police officer. Defendants do not contest these points.[1] Instead, Defendants argue that Stout fails to allege that he was subjected to an adverse employment action under circumstances giving rise to an inference of discrimination, and therefore has failed to plead the third and fourth elements of a *prima facie* case of disability discrimination. Contrary to this argument, this Court finds that Stout adequately alleges a *prima facie* case.

First, this Court cannot conclude as a matter of law at this stage that the Letter of Counsel issued to Stout on November 14, 2007, does not constitute an adverse

---

[1] Defendants suggest that Stout was on sick leave at the time of his retirement, and therefore, was not qualified for his position as a police officer. This, however, raises an issue of fact that cannot be determined at this stage, and therefore, does not serve as a basis to dismiss Stout's claim.

employment action. Without the benefit of discovery, it is unknown whether the Letter of Counsel in this case rises to the level of an action that impacted Stout's employment duties or status. In any event, Stout's Amended Complaint adequately puts Defendants on notice of a constructive discharge theory of adverse action. (Am. Compl. ¶¶ 20, 22). Stout alleges that Flanagan knew of his mental health diagnosis and repeatedly commented on his mental health. (Am. Compl., ¶¶ 6, 8, 9). Flanagan's public comments to Stout that "you're slipping downhill" and "maybe your psych doctor should tell you you shouldn't be wearing a badge anymore," support a theory of adverse action in the form of constructive discharge at this stage, particularly the comment that Stout should not be wearing a badge anymore. (*Id.*, ¶¶ 10-11, 16-18).

Second, the facts as pled give rise to a sufficient inference of discrimination for purposes of surviving a motion to dismiss. Stout alleges that Flanagan knew of his mental health diagnosis and repeatedly commented on his mental health. (Am. Compl., ¶¶ 6, 8, 9). Flanagan's comments to Stout in front of others refer to Stout's mental health condition and are derogatory in nature. (*Id.*, ¶¶ 10-11, 16-18). Moreover, Flanagan's comment concerning Stout not being fit to wear a badge due to his mental health issues is sufficient to plead a *prima facie* case of discrimination. Taken in their totality, Flanagan's comments to Stout over the course of four years and at the time of the issuance of the Letter of Counsel give sufficient rise to an inference of discrimination for pleading purposes.

Defendants' Motion to Dismiss Plaintiff's discrimination claims will therefore denied.

### 2. Right to Privacy

In order to prevail in a 42 U.S.C. §1983 action, the plaintiff must show that the behavior in question is attributable to persons who, acting under color of state law, deprive

an individual of rights, privileges, or immunities secured by the Constitution and federal law. *See* 42 U.S.C. §1983. A §1983 action does not provide any substantive rights; it is a vehicle for the enforcement of other federal rights. *See Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 n. 3, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). Here, Plaintiff alleges that the constitutional right at issue is the right to privacy.

There is a constitutional interest "in avoiding disclosure of personal matters." *Whalen v. Roe,* 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977); *Nixon v. Admin. of Gen. Servs.,* 433 U.S. 425, 457, 97 S.Ct. 2777, 2797, 53 L.Ed.2d 867 (1977). This right "includes the right to protection regarding information about the state of one's health." *Doe v. City of New York*, 15 F.3d 264, 266 (2d Cir.1994). *See also Whalen,* 429 U.S. at 598-600. Liberally construed, Stout sufficiently alleges a §1983 claim regarding his right to privacy.

There are limits to the right to keep one's health private since "[a] general medical determination or acknowledgment that a disease is serious does not give rise *ipso facto* to a constitutionally-protected privacy right." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir.2011). It is a case-by-case determination of the court because "the interest in the privacy of medical information will vary with condition." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir.1999); accord *Doe*, 15 F.3d at 267. Confidential medical conditions are those that are "excruciatingly private and intimate [in] nature" and "likely to provoke . . . an intense desire to preserve one's medical confidentiality." *Matson*, 631 F.3d at 64 (quoting *Powell*, 175 F.3d at 111). The right of privacy is extended to

mental health diagnoses, because psychiatric health is considered "of the most intimate kind." *O'Connor v. Pierson*, 426 F.3d 187, 201 (2d Cir.2005).

In the present case, Stout alleges he was diagnosed and being treated for two mental health illnesses. He further alleges that Flanagan knew this and intentionally disclosed his conditions publicly. Thus, Stout adequately states a claim. Defendants' motion will therefore be denied.

### 3. Qualified Immunity

Qualified immunity exists where a "government official performing discretionary functions is shielded from liability for civil damages if his conduct did not violate plaintiff's clearly established rights or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights." *Mandell v. County of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003).

Viewing the allegations in Stout's favor, this Court finds that Flanagan is not entitled to qualified immunity at this time. Assuming the truth of Stout's allegations, this Court cannot find as a matter of law that Flanagan's actions did not violate clearly established law. Furthermore, this Court cannot find as a matter of law that it was objectively reasonable for Flanagan to believe that his conduct did not violate the law. Accordingly, Flanagan is not entitled to qualified immunity with respect to Stout's § 1983 claim at this juncture.

### IV. CONCLUSION

For the foregoing reasons, Stout's Motion for Leave to Amend the Complaint is granted and Defendants' Motion to Dismiss is denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 11) is GRANTED.

FURTHER, that Plaintiff shall file his proposed Amended Complaint (Docket No. 11, Exhibit A) as the Amended Complaint in this action by April 6, 2011.

FURTHER, that the Clerk of Court is directed to amend the caption of the case to reflect the municipal defendant as the Town of Tonawanda, not the Town of Tonawanda Police Department.

FURTHER, that Defendants' Motion to Dismiss (Docket No. 4) is DENIED.

FURTHER, that Defendants shall file an answer to the Amended Complaint within 14 days of its entry on the docket.

SO ORDERED.

Dated:	March 31, 2011
	Buffalo, New York

	/s/William M. Skretny
	WILLIAM M. SKRETNY
	Chief Judge
	United States District Court